

# NUMBER 13-22-00514-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CRISTINA REYNA,                                                                         Appellant,

v.

R & N PROPERTIES, LLC,

                                                                                        Appellee.

## On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Longoria

This cause is before this Court on appellee R&N Properties, LLC's second amended opposed motion to dismiss. On December 5, 2022, appellant Cristina Reyna filed a brief that was not in compliance with the Texas Rules of Appellate Procedure. The brief, filed prior to the clerk's record, failed generally to comply with the Texas Rules of

Appellate Procedure. *See* TEX. R. APP. P. 9.4., 9.5, 38.1.

Appellant subsequently filed an amended brief on January 27, 2023. On January 31, 2023, the Clerk of the Court notified appellant that her brief was untimely and failed to comply with Rules 9.4(h), (i)(3), and (j)(1) and 38.1 of the Texas Rules of Appellate Procedure. Appellant was directed to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the letter along with a motion for leave to file the brief.

On February 1, 2023, appellant filed a letter with the Court regarding the timeliness of her appeal but did not file an amended brief correcting the errors as instructed in this Court's January 31, 2023 letter. On February 6, 2023, this Court sent appellant a notice regarding her amended brief, reiterating that appellant's amended brief still did not comply with the Texas Rules of Appellate Procedure and providing greater detail regarding the defects, specifically explaining that the brief contained no appendix, no certificate of compliance, was not text-searchable, and generally contained no discernible issues or argument. *See id.* The letter further instructed appellant to file an amended brief correcting the defects, if it could be done. Appellant filed a second amended brief on February 10, 2023 and was notified the same day that the brief still did not comply with the Texas Rules of Appellate Procedure. Appellant was given ten days to file an amended brief correcting the errors, if it could be done. Appellant was also notified that if the Court received another brief that did not comply, the Court may strike the brief, prohibit appellant

from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. *See id.* 38.9(a), 42.3(b), (c). Appellant failed to respond to the Court's notice.

On February 17, 2023, appellant filed a "motion to leave to amend," which lacked a certificate of conference, and was notified of the defect. *See id.* 10.1(a)(5). Appellant did not file a separate brief correcting the defects as previously instructed to do. Appellee filed its second amended opposed motion to dismiss on March 3, 2023. Appellant subsequently filed an amended motion for leave to amend on the same day. Appellant's March 3, 2023 filing does not comply with the Texas Rules of Appellate Procedure and fails to adequately present argument for this Court's review. On March 13, 2023, appellant filed her opposition to appellee's motion to dismiss.

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a). If the appellant does not file a brief that complies with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *Id.* Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution.

Accordingly, we grant appellee's second amended motion to dismiss, we strike appellant's non-conforming brief, and order the appeal dismissed for want of prosecution.[1] *See id.* 38.8(a), 38.9(a), 42.3(b), (c).

NORA L. LONGORIA
Justice

Delivered and filed on the
16th day of March, 2023.

---

[1] Any pending motions in this matter are dismissed as moot.